**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| Tammy Allison Holloway ) <br> 2305 W I20 #140-483 ) <br> Grand Prairie, Texas 75052 ) | Civil Action No. 3:21-cv-179 |
| ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) | Jury Trial Requested |
| Montgomery County, Maryland ) <br> County Executive Marc Elrich ) <br> Executive Office Building ) <br> 101 Monroe Street 2nd Floor ) <br> Rockville, Maryland 20850 ) <br> ) <br> Robert A. Greenberg ) <br> Administrative Judge ) <br> Montgomery County Circuit Court ) <br> 50 Maryland Avenue ) <br> Rockville, Maryland 20850 ) <br> ) <br> Barbara H. Mieklejohn ) <br> Clerk of the Court ) <br> Montgomery County Circuit Court ) <br> 50 Maryland Avenue ) <br> Rockville, Maryland 20850 ) <br> ) <br> Tiffany Robinson ) <br> Maryland Labor Secretary ) <br> Maryland Department of Labor ) <br> 500 North Calvert Street ) <br> Baltimore, Maryland 21202 ) <br> ) <br> Warren Hedges ) <br> Fair Practices Officer ) <br> Maryland Judicial Center ) <br> Administrative Office of the Courts ) <br> 187 Harry S. Truman Parkway ) <br> Annapolis, Maryland 21401 ) <br> ) <br> Defendant. ) |  |

1

## COMPLAINT

COMES NOW Complainant, Tammy Allison Holloway, and files this Complaint against the Defendants, Montgomery, County, Maryland, *et al.*, on the following grounds:

## INTRODUCTION

1. This action is brought pursuant to title II of the Americans with Disability Act ("ADA"); Fourteenth Amendment to the United States Constitution; and conspiracy pursuant to 42 U.S.C. § 1983.

2. Complainant further requests an injunction, declaratory relief, and that the Court enjoin the Defendants from continuing to engage in the discriminatory practices described herein and order affirmative action to change their discriminatory policies.

## PARTIES

3. Plaintiff, Tammy Allison Holloway, is a survivor of domestic violence and former U.S. Department of Justice senior attorney, who has resided in the Dallas area since December 2018.

4. Defendant Montgomery County, Maryland is a municipal governmental unit created and authorized under the laws of Maryland. It is authorized by law to maintain a Circuit Court that acts through its Chief, Defendant Marc Elrich.

5. Defendant Robert A. Greenberg is and at all times herein was Administrative Judge for the Circuit Court for Montgomery County.  Judge Greenberg is responsible, in whole and/or part, for creating, implementing, promulgating and enforcing the policies, practices, and/or customs complained of, including but not limited to those that prevented Ms. Allison Holloway from engaging in lawfully protected judicial proceedings. Judge Greenberg's

actions as alleged in this complaint were taken under color of the laws of Montgomery County, MD.  He is sued in his personal and official capacity.

6. Defendant Barbara H. Mieklejohn is and at all times herein was the Clerk of the Court for the Circuit Court for Montgomery County.  Ms. Mieklejohn is responsible, in whole and/or part, for creating, implementing, promulgating and enforcing the policies, practices, and/or customs complained of, including but not limited to those that prevented Ms. Allison Holloway from engaging in lawfully protected judicial proceedings.  Ms. Mieklejohn actions as alleged in this complaint were taken under color of the laws of Montgomery County. MD.  She is sued in her personal and official capacity.

7.  Defendant Tiffany Robinson is and at all times herein was the Maryland Labor Secretary for the Maryland Department of Labor.  Ms. Robinson is responsible, in whole and/or part, for creating, implementing, promulgating and enforcing the policies, practices, and/or customs complained of, including but not limited to those that prevented Ms. Allison Holloway from engaging in lawfully protected judicial proceedings. Ms. Robinson's actions as alleged in this complaint were taken under color of the laws of the State of Maryland and Montgomery County, MD. She is sued in her official capacity.

8.  Defendant Warren Hedges is and at all times herein was the Fair Practices Officer at the Maryland Judicial Center.  Mr. Hedges is responsible, in whole and/or part, for creating, implementing, promulgating and enforcing the policies, practices, and/or customs complained of, including but not limited to those that prevented Ms. Allison Holloway from engaging in lawfully protected judicial proceedings. Mr. Hedges' actions as alleged in this complaint were taken under color of the laws of the State of Maryland and Montgomery County, MD.  He is sued in her official capacity.

## JURISDCTION

9. This Court has subject matter jurisdiction over all federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367. All prerequisites to bringing suit, including those imposed by Maryland Code Ann. § 5-304, if any, have been satisfied.

## VENUE

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because the Plaintiff resides in this district and no real property is involved in the action.

## FACTS

11. The underlying family law matter, Case No. 143372-FL, was initiated in the Circuit Court for Montgomery County, Maryland by Ms. Allison Holloway in March 2017, following several instances of domestic violence against her by her now ex-husband, Stephen William Holloway.

12. Plaintiff successfully requested a divorce, relocation to Texas, sole legal custody, and primary physical custody of the minor child, with the final order being issued in approximately May 2018.

13. Despite having implemented a "One Family, One Judge" initiative in 2016, to combat against abusive litigation practices by keeping the case file with one judge for the entire life span of the case, the Circuit Court for Montgomery County, did not include Plaintiff's matter in the initiative.

14. On September 24, 2018, Plaintiff notified Defendant that she intended to return to Texas, pursuant to the above-mentioned agreement and Family Law Article section 9-106.

15. On October 13, 2020, Plaintiff filed a Motion to Shield case No. 143813-FL.

On October 22, 2018, instead of responding pursuant to 9-106(4) or even communicating an objection to the relocation, Defendant filed a Motion for Modification of Custody seeking sole physical and legal custody.

16. Six months after her move to Texas, on August 1, 2019, Plaintiff filed a Motion to Transfer Jurisdiction and Request for Hearing. The Circuit Court did not hold a hearing as required, but simply denied the motion.

17. The trial on the Motion for Modification of Custody and Establish Child Support was before the Honorable Sharon Burrell and took place on December 23, 2019, and January 2, 2020. The Court issued a Memorandum Opinion and Omnibus Order each dated May 21, 2020.

18. Plaintiff filed post-trial motions on May 21, 2020 (which were docketed prior to the entry of Judgement docketed the same day). The Court denied the post-trial Motions on June 29, 2020.

19. Plaintiff filed a Notice of Appeal on June 19, 2020 (protective) and on July 6, 2020.

20. Mr. Holloway, through counsel, did not file an appeal, but rather filed a complaint to establish child support on July 21, 2020.

21. On September 8, 2020, the Clerk's Office for the Circuit Court of Montgomery County accepted an affidavit of service purportedly served on Plaintiff in Texas on August 28, 2020, when she was on Catalina Island, California, but lists that it was filed by "other" despite a copy of the affidavit of service being signed to have been filed by LaSheena Williams.

22. On September 21, 2020, the clerk's office entered a scheduling order based on an affidavit of service that was not received by Plaintiff, or her former counsel, Mr. David Grover,

but purportedly served on Plaintiff in Texas at the time when she was on Catalina Island, California.  *See* Exhibit 1.

23. On October 9, 2020, Plaintiff submitted a reasonable accommodation request.

24.  After several instances of Plaintiff not receiving correspondences from the clerk's office, she updated her address, telephone number, and email address with the clerk's office on October 14, 2020.

25.  On October 14, 2020, Plaintiff filed a Motion to Withdrawing the Appearance of her counsel, with her signature line reflecting her address, telephone number and email address, *see* docket entry 384.

26.  Plaintiff filed a Motion to Dismiss on October 21, 2020, an Amended Motion to Dismiss on October 27, 2020, and Reply to Opposition to Motion to Dismiss on October 29, 2020, all with her name, address, telephone number, and email address clearly visible on each pleading.  *See* DE 388, 390, 395.

27.  In addition, a Motion to Strike, DE 401, and a motion to vacate the scheduling order, DE 404, was filed November 16, 2020, and reflected Plaintiff's updated contact information. Ms. Weaver subsequently received a notice of scheduling hearing.  *See* Exhibit 2.

28.  On November 17, 2020, Plaintiff's request for a reasonable accommodation was denied.

29.  On December 3, 2020, Ms. Weaver reminded the court to send correspondence directly to Plaintiff.  *See* Exhibit 3.

30.  However, the court refused once again and Plaintiff did not receive the December 8, 2020, notice of existing schedule that was sent to Patricia Weaver and reflected on the docket at 410.

31. On December 14, 2020, Plaintiff filed an emergency *ex-parte* motion for access with the minor child and a motion to shorten time.

32. On December 15, 2020, Judge Dwyer refused to hear the matter despite being the duty judge. Plaintiff contacted the Clerk's Office several times in an effort to have her hearing.

33. Judge Bonifant called without warning and proceeded to three way call Ms. Willams and I on the line. He chastised Plaintiff on the hearing and eluded to Ms. Williams schedule or profession being more important than Plaintiff's.

34. He refused to hear the merits of the matter, but instead focused on Plaintiff inadvertently using a school calendar of a similar name

35, He denied Plaintiff's amended written motion without a hearing.

36. On December 21, 2020, Judge Bonifant harassed and intimidated Plaintiff on the record and refused her access with the minor child.

37. Another notice of Existing Schedule was sent to Ms. Weaver on December 17, 2020, as reflected on the docket at 417.

38. Plaintiff was not informed of a December 18, 2020, scheduling hearing, but instead the court sent it to Mr. Grover. *See* Exhibit 4.

39. Not until the day prior to the December 18, 2020 hearing did Plaintiff become aware of the hearing directly from the court after asking they email her, and after numerous calls received the zoom information for a scheduling hearing that is the subject of the Motion to Dismiss. *See* Exhibit 5.

40. On December 18, 2020, Plaintiff was excluded from participating as the court refused to admit her on the zoom call and proceeded with an *ex-parte* hearing without her consent.

41. Plaintiff then reviewed the court's docket sheet to see that in another attempt to exclude Plaintiff from participating in the proceedings the court had entered the appearance of a

Donald C. Holmes, Jr., on December 18, 2020, who Plaintiff does not know and who has never represented her. *See* Exhibit 6.

42. The Clerk's Office then sent Ms. Weaver a post-judgment scheduling order. *See* Exhibit 7.

43. On December 21, 2020, Ms. Weaver then subsequently filed a strongly worded motion referring to the Clerk's office continuing to send her notices and orders when the court knows that Plaintiff is self-represented. *See* Exhibit 8.

44. On December 21, 2020, Plaintiff's accommodation grievance was denied by the Fair Practice Office.

45. On December 21, 2020, Plaintiff complained to Defendant Greenberg and Ms. Mieklejohn via email.

46. On December 23, 2020, the Clerk's Office emailed Plaintiff continuing to violate Plaintiff's Constitutional Rights.

47. On January 5, 2021, Judge Jordan emailed Ms. Williams *ex-parte*, gave Ms. Williams the zoom information, but excluded Plaintiff.

48. On January 8, 2021, Plaintiff had to ask for a zoom link, participated in the hearing on Plaintiff's motion to Strike where Judge Jordan harassed, intimidated, and threatened to deny her motion if she did not stop complaining. Judge Jordan denied Plaintiff's request for accommodation.

49. On January 21, 2021, Ms. Weaver received an email regarding hearing information from Judge Bonifant regarding a January 22, 2021, hearing on Plaintiff's Motion to Dismiss that clearly has Plaintiff's contact information on it. *See* Exhibit 9.

50. Only after Ms. Weaver received her email did Judge Bonifant send Plaintiff an email regarding the zoom hearing. *See* Exhibit 10.

51. When Plaintiff responded to Judge Bonifant's *ex-parte* email that she had not received notice he questioned the validity of her statements and attached a .pdf, and without hearing any factual information made a decision via email where he inappropriately and in violation of his duties as a judge stated "and was mailed to the addresses on the second page." He then denied his own motion to recuse without the requisite hearing, argued with Plaintiff and only gave her until February 12, 2021, as a postponement in which he did not address an unsequestered witness purportedly the August 28, 2020, process server, Shawn Jordan appearing twice on the zoom hearing present throughout the duration of the zoom hearing, the J. Franklin Bourne Bar Association's participation on the zoom call who's relevance is that of Judge Burrell and LaSheena Williams shared membership.  *See* Exhibit 11.

52. Judge Bonifant made an assumption in email, without reviewing a properly plead motion, to suggest that Plaintiff is not being forthcoming with truthful information. His attachment reflects the names of individuals who are not Plaintiff's attorneys and one that she does not even know.  Again, notice was provided to Ms. Weaver, and Plaintiff never received it.

53. On December 22, 2021, Plaintiff through formal motion and orally requested Judge Bonifant's recusal and a separate hearing, as well as a request thathe not decide on the Motion to Postpone in which he refused to recuse himself.

54. On December 22, 2021, Judge Bonifant argued with Plaintiff, harassed, intimidated, belitted, and spoke of her confidential health matters on the record after she asked him not to repeatedly.

55. On January 22, 2021, Judge Bonifant refused to accommodate Plaintiff's ADA request.

56. On January 22, 2021, Judge Bonifant engaged in a wholly inappropriate argument with Plaintiff on the record in front of her abuser and opposing counsel, and postponed the hearing for only two weeks until, February 12, 2021.

57. On January 22, 2021, Judge Bonifant did not sequester Mr. Holloway's witness, ruled on his own motion to recuse as well as the motion to postpone after Plaintiff's oral and written motions that he recuse himself based on an ability to remain impartial.

## BACKGROUND

58. Plaintiff and Mr. Holloway married and had one child, a son born in 2014.

59. After filing for divorce and following a court-appointed Custody Evaluator's report, Plaintiff and Mr. Holloway agreed that Plaintiff would have sole physical custody (which agreement was adopted by consent into an order) and, after a trial, the Court ordered that Plaintiff would have sole legal custody.

60. Those rulings were incorporated into orders dated November 20, 2017, and March 30, 2018. Prior to those Orders, Plaintiff had made plain her intent to move back to Texas, and the Consent Order required 90 days' notice of the move.

61. On September 24, 2018, Plaintiff notified Mr. Holloway that she intended to return to Texas, pursuant to the above-mentioned agreement and Family Law Article section 9-106.

62. On October 22, 2018, instead of responding pursuant to 9-106(4) or even communicating an objection to the relocation, Mr. Holloway filed a Motion for Modification of Custody seeking sole physical and legal custody.

63. Six months after her move to Texas, on August 1, 2019, Plaintiff filed a Motion to Transfer Jurisdiction and Request for Hearing.

64. The Circuit Court did not hold a hearing as required, but simply denied the motion.

*See* Docket Entry (DE) # 269.

    65.  The trial on the Motion for Modification of Custody was before the Honorable Sharon Burrell and took place on December 23, 2019, and January 2, 2020.

    66.  The Court issued a Memorandum Opinion and Omnibus Order each dated May 21, 2020.  Plaintiff filed post-trial motions on May 21, 2020 (which were docketed prior to the entry of Judgement docketed the same day).

    67.  The Court denied the post-trial Motions without a hearing on June 29, 2020.  Plaintiff filed a Notices of Appeal on June 19, 2020 (protective) and on July 6, 2020.

    68.  Mr. Holloway did not file an appeal, but rather filed a complaint to establish child support days after Plaintiff's notice of Appeal, on July 21, 2020.

    69.  This is a family law complaint to establish support, filed by Mr. Holloway against Plaintiff on July 21, 2020, following a modification of custody entered by this court on May 21, 2020.  Mr. Holloway sought support through his motion to modify custody, made a request for support during the proceedings modifying custody on January 2, 2020.

    70.  Despite the pleadings by Mr. Holloway, the Court did not award child support, but instead after considering all of the financial evidence presented, stopped Mr. Holloway's prior support order and ordered Mr. Holloway to make an arrears payment of $3,955.00; which has been reduced to judgment on September 21, 2020.

    71.  Mr. Holloway did not timely appeal the Court's decision not to order support, but rather, filed the underlying instant motion in bad faith to relitigate a previously litigated and rejected issue.

    72.  Mr. Holloway does not plead a change in circumstances that would warrant a modification of support since the recent May 21, 2020, order and even if he had, there would be

11

not only not be a change in circumstances as nothing has changed since May, but there is nothing to modify as the court chose not to enter a support order against Plaintiff.

73. Plaintiff made numerous requests for reasonable accommodations both informally and formally to Defendants between March 2017 and January 2021.

## COUNT I

**Violation of Americans with Disabilities Act ("ADA") Title II 42 U.S.C. § 12131(1)**
*A claim against all Defendants*

74. Ms. Allison Holloway repeats and realleges the allegations in Paragraphs 1 through 73 as fully set forth herein.

75. Title II applies to government programs and services, which includes courts. The Americans with Disabilities Act ("ADA") applies to the County because it is a "public entity" as defined by title II 42 U.S.C. § 12131(1). The Rehabilitation Act requires reasonable accommodations unless it would be an undue burden. *See* 42 U.S.C. §12112; 29 C.F.R. §1630.9.

76. Plaintiff is authorized under Title II of the ADA to bring this claim as it provides rights, remedies, and procedures only "to any *person* alleging discrimination." 42 U.S.C. § 12133 (emphasis added).

## COUNT II

**Section 1983 Claim for Violation of Plaintiff's Fourteenth Amendment Rights**
*A claim against Montgomery County*

77. Ms. Allison Holloway repeats and realleges the allegations in Paragraphs 1 through 76 as if fully set forth herein.

78. The Fourteenth Amendment embodies three different protections: (1) a procedural due process protection requiring the state to provide individuals with some type of process before depriving them of their life, liberty, or property; (2) a substantive due process protection, which protects individuals from arbitrary acts that deprive them of life, liberty, or property; and (3) an incorporation of specific protections afforded by the Bill of Rights against the states.

79. The liberty interest at issue in this case — the interest of parents in the care, custody, and control of their children — is perhaps the oldest of the fundamental liberty interests recognized by this Court. *Troxel v. Granville*, 530 U.S. 57 (U.S. 2000).

80. Ms. Allison Holloway's constitutional right to relocate, be notified of numerous court proceedings at the Circuit Court for Montgomery County, to participate in the proceedings, to have hearings on various motions, and more violated, at minimum, the equal protection and due process clauses of the Fourteenth amendment.

## COUNT III

*A claim against Judge Greenberg, Ms. Mieklejohn, and Mr. Hedges for Section 1983 conspiracy*

81. Ms. Allison Holloway repeats and realleges the allegations in Paragraphs 1 through 80 as if fully set forth herein.

82. It is established that to state a claim under section 1983, a plaintiff must plead that the defendant acted under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.

83. Judge Greenberg, Ms. Mieklejohn, and Mr. Hedges each received notification from Plaintiff that she was not served as alleged in an August 2020 affidavit, that she repeatedly had

not received various court correspondences with important dates and deadlines, that she needed and accommodation, and more.

84. Judge Greenberg, Ms. Mieklejohn, and Mr. Hedges all responded to Plaintiff similarly by denying her requests for accommodations, denying her access to fairly participate in court proceedings, including the December 18, 2020, scheduling hearing, and more.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tammy Allison Holloway requests relief as follows:

(a) A declaratory judgment that Defendants, violated Ms. Allison Holloway's rights under title II of the ADA.

(b) A declaratory judgment that Montgomery County, Maryland, Circuit Court for Montgomery County, violated Ms. Allison Holloway's clearly established constitutional rights under the Fourteenth Amendment to the United States Constitution;

(c) A declaratory judgment that Judge Greenberg, Ms. Mieklejohn, and Mr. Hedges violated Ms. Allison Holloway's rights by conspiring pursuant to 42 U.S.C. § 1983.

(d) An award of compensatory damages against defendants jointly and severally, in an amount to be determined by a jury at trial, for damages Ms. Allison Holloway suffered in the form of diminished personal and professional reputation; lost earnings and earning capacity; psychological and emotional pain and suffering, including medical treatment and expenses; degradation, humiliation, mental anguish,

        suffering and embarrassment; and the costs of bringing and defending against frivolous and unconstitutional actions, and other associated expenses;

(e)    Punitive damages in an amount to be determined by a jury at trial;

(f)    Such other relief that this Court may deem just, proper, and appropriate.

                Respectfully submitted,
                /s/
By:    TAMMY ALLISON HOLLOWAY
       TX Bar 24120518
       2305 W I20 140-483
       Grand Praire, Texas 75052
       TammyAllisonHolloway@gmail.com

**Dated:** January 27, 2021

## **CERTIFICATE OF SERVICE**

     I certify that I caused a copy of the foregoing Complaint to be served upon Defendants on this 27th day of January, 2021, at the addresses below:

Montgomery County, Maryland
County Executive Marc Elrich
Executive Office Building
101 Monroe Street 2nd Floor
Rockville, Maryland 20850

Robert A. Greenberg
Administrative Judge
Montgomery County Circuit Court
50 Maryland Avenue
Rockville, Maryland 20850

Barbara H. Mieklejohn
Clerk of the Court
Montgomery County Circuit Court
50 Maryland Avenue
Rockville, Maryland 20850

Tiffany Robinson
Maryland Labor Secretary
Maryland Department of Labor
500 North Calvert Street
Baltimore, Maryland 21202

Warren Hedges
Fair Practices Officer
Maryland Judicial Center
Administrative Office of the Courts
187 Harry S. Truman Parkway
Annapolis, Maryland 21401

                    /s/
By:   TAMMY ALLISON HOLLOWAY
       TX Bar 24120518
       Managing Attorney
       Attorney Tammy Allison, PLLC
       2305 W I20
       140-483
       Grand Praire, Texas 75052
       TammyAllisonHolloway@gmail.com