IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Tammy Allison Holloway<br>2305 W I20 #140-483<br>Grand Prairie, Texas 75052<br><br>Plaintiff,<br><br>V.<br><br>Montgomery County, Maryland<br>County Executive Marc Elrich<br>Executive Office Building<br>101 Monroe Street 2nd Floor<br>Rockville, Maryland 20850<br><br>Robert A. Greenberg<br>Administrative Judge<br>Montgomery County Circuit Court<br>50 Maryland Avenue<br>Rockville, Maryland 20850<br><br>Barbara H. Mieklejohn<br>Clerk of the Court<br>Montgomery County Circuit Court<br>50 Maryland Avenue<br>Rockville, Maryland 20850<br><br>Tiffany Robinson<br>Maryland Labor Secretary<br>Maryland Department of Labor<br>500 North Calvert Street<br>Baltimore, Maryland 21202<br><br>Warren Hedges<br>Fair Practices Officer<br>Maryland Judicial Center<br>Administrative Office of the Courts<br>187 Harry S. Truman Parkway<br>Annapolis, Maryland 21401<br><br>Defendants. | Civil Action No. 3:21-cv-179<br><br><br><br><br>Jury Trial Requested |

1

## PLAINTIFF'S EX-PARTE EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves the Court for entry of an Emergency *ex parte* Temporary Restraining Order and Preliminary Injunction enjoining Defendants Montgomery County, *et al*., and all persons acting on its behalf, from continuing the underlying proceedings Family Law No. 143372-FL (stay) pending entry by the Court of a final judgment in this action.

This motion is based on the following grounds:

1. On January 22, 2021, the Circuit Court for Montgomery County, Montgomery County, set a hearing in the underlying state matter for February 12, 2021.

2. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's rights pursuant to title II of the Americans with Disability Act ("ADA"); Fourteenth Amendment to the United States Constitution; and conspiracy pursuant to 42 U.S.C. § 1983.

3. The postponed hearing of February 12, 2021, is a Motion to Dismiss in which the underlying facts pertain to Plaintiff not being notified of the hearing as well as not being served in Texas on August 28, 2020, as the affidavit states because she was on Catalina Island, California, on that date, but Defendant, Montgomery County, proceeded with a Scheduling Hearing on December 18, 2020, that Plaintiff was not made aware of as attested by herself, former counsel, and her appellate attorney; a Scheduling Hearing took place before a hearing on Plaintiff's Motion to Dismiss dealing with Plaintiff not being served, despite an affidavit attesting to the fact that she was served; Montgomery County denied Plaintiff's motion to recuse Judge Bonifant from presiding over the Motion to Recuse, Motion to Postpone, and Motion to Dismiss based on his inability to remain impartial and his denial of Plaintiff's request for a reasonable accommodation

in violation of Plaintiff's rights pursuant to title II of the Americans with Disability Act ("ADA"); Fourteenth Amendment to the United States Constitution; and conspiracy pursuant to 42 U.S.C. § 1983.

4. Defendants Greenberg, Hedges, and Meiklejohn continue to conspire and will certainly violate Plaintiff's rights pursuant to title II of the Americans with Disability Act ("ADA"); Fourteenth Amendment to the United States Constitution; and conspiracy pursuant to 42 U.S.C. § 1983, unless enjoined.

5. Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, Plaintiff, who is also an attorney, respectfully certifies to the Court that on January 27, 2021, Plaintiff filed a complaint in this matter. Concurrently with filing the Complaint, Plaintiff is providing Defendants copies of this motion and the proposed TRO.

6. There is a substantial likelihood that Plaintiff will establish at trial that pursuant to title II of the Americans with Disability Act ("ADA"); Fourteenth Amendment to the United States Constitution; and conspiracy pursuant to 42 U.S.C. § 1983, her rights were violated.

7. A Temporary Restraining Order is necessary to preserve the status quo, to prevent the irreparable injury to Plaintiff and her minor son, and to allow the Court to render effective relief if the Plaintiff prevails at trial. Plaintiff would have no adequate remedy at law, and this Court's ability to fashion effective relief would be significantly impaired, if Montgomery County proceeds with its February 12, 2021, hearing.

8. Any harm to Defendant from enjoining the February 21, 2021, stay of proceedings would be outweighed by the actual and potential injury to Plaintiff.

9. Granting the requested preliminary relief will serve the public interest.

10. This Court has authority pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure to issue the requested preliminary relief.

11. Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff is not required to post a bond as a prerequisite to the issuance of an injunction.

    WHEREFORE, the Plaintiff prays that the Defendants and all persons acting on its behalf be enjoined from proceeding with the February 12, 2021 hearing, or any others, pending entry by the Court of a final judgment in this action.

By:   /s/
TAMMY ALLISON HOLLOWAY
TX Bar 24120518
Managing Attorney
Attorney Tammy Allison, PLLC
2305 W I20
140-483
Grand Prairie, Texas 75052
TammyAllisonHolloway@gmail.com

**CERTIFICATE OF NOTIFICATION EFFORTS**

Pursuant to Rule 65(b)(1)(B)'s requirement that its "attorney certif[y] in writing any efforts made to give notice and the reasons why it should not be required" Fed. R. Civ. P. 65(b)(1)(B), Plaintiff attempted to contact Tiffany Robinson by telephone, (410) 230-6020, on January 27, 2021, to no avail. She called the Clerk's Office at 240-777-9467. However, Plaintiff is also an attorney licensed both in Maryland and Texas, and is cautious as to not violate Texas Code of Judicial Conduct Canon 3(B)(8), which states do not confer with the trial judge regarding the motion in an original proceeding in which the trial judge is the respondent. Here, Montgomery County is the municipality that controls the Circuit Court for Montgomery County in which Judge Greenberg is the Administrative Judge. As the Administrative Judge, he oversees all judges in the Court, including the Clerk's Office. The ongoing proceeding is the underlying matter before this court as well as the actions of the Circuit Court for Montgomery County depriving Plaintiff of the Federal rights that initiated the underlying motions in the underlying ongoing state proceedings before this court. As Plaintiff is a resident of Texas, and is bringing this Complaint before this Texas Court, she cites only to the Texas Code of Judicial Conduct.

>                    /s/
> By:   TAMMY ALLISON HOLLOWAY
>       TX Bar 24120518
>       Managing Attorney
>       Attorney Tammy Allison, PLLC
>       2305 W I20
>       140-483
>       Grand Prairie, Texas 75052
>       TammyAllisonHolloway@gmail.com

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Complaint to be served upon Defendants on this 27th day of January, 2021, at the addresses below:

Montgomery County, Maryland
County Executive Marc Elrich
Executive Office Building
101 Monroe Street 2nd Floor
Rockville, Maryland 20850

Robert A. Greenberg
Administrative Judge
Montgomery County Circuit Court
50 Maryland Avenue
Rockville, Maryland 20850

Barbara H. Mieklejohn
Clerk of the Court
Montgomery County Circuit Court
50 Maryland Avenue
Rockville, Maryland 20850

Tiffany Robinson
Maryland Labor Secretary
Maryland Department of Labor
500 North Calvert Street
Baltimore, Maryland 21202

Warren Hedges
Fair Practices Officer
Maryland Judicial Center
Administrative Office of the Courts
187 Harry S. Truman Parkway
Annapolis, Maryland 21401

          /s/
By:  TAMMY ALLISON HOLLOWAY
     TX Bar 24120518
     Managing Attorney
     Attorney Tammy Allison, PLLC
     2305 W I20
     140-483
     Grand Prairie, Texas 75052
     TammyAllisonHolloway@gmail.com