IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY ALLISON HOLLOWAY, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-179-K |
| MONTGOMERY COUNTY, MARYLAND, ET AL., | § § § § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case that the Court should deny Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Dkt. No. 2] (the "TRO"), unseal this motion and the findings, conclusions, and recommendation, and dismiss this action without prejudice under 28 U.S.C. § 1406(a). *See* Dkt. No. 5.

Plaintiff has objected on various grounds, most notably that she has shown that there is a substantial likelihood that she will prevail on the merits of her claims, under Title II of the ADA and Section 1983, and, accordingly, the TRO should be granted. *See* Dkt. No. 6.

She contends that her "short and plan statement of the claims" is enough: "Plaintiff plead[ed] factual content as an attorney, signed with her Texas State Bar number, to draw a reasonable inference that the Defendants are liable for the

misconduct alleged." *Id.* at 6.

But Plaintiff is mistaken. And the Court agrees with the Magistrate Judge that the allegations of the complaint lack "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when[, like here,] 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Further, the factual content of the complaint fails to show that venue is proper in this district. The Court therefore agrees with the Magistrate Judge that this case should be dismissed without prejudice under Section 1406(a).

And, insofar as Plaintiff attempts to amend her claims or add further facts to support them through her objections to the findings, conclusions, and recommendation, her objections are not a pleading. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and objections to a magistrate judge's recommendation are not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a).

In sum, the District Court has reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed

the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Plaintiff's Objections are OVERRULED.

    SO ORDERED.

    Signed February 11th, 2021.

                                            *Ed Kinkeade*
                                            ED KINKEADE
                                            UNITED STATES DISTRICT JUDGE